# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | } |
| Plaintiff, | } |
| v. | } Case No.: 4:24-CR-29-RDP-SGC |
| **GERRICK LEGEORGE GLASS,** | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

This Matter is before the court on Defendant Gerrick LeGeorge Glass's Motion to Dismiss the Indictment. (Doc. # 13).

### I. Background

On January 31, 2024, Glass was charged in a single-count indictment with knowingly possessing a firearm while knowing that he had previously been convicted of a crime punishable by over a year in prison. (Doc. # 1; 18 U.S.C. § 922(g)(1)). The indictment alleges as predicate convictions a 2008 conviction for Unlawful Distribution of a Controlled Substance and a 2017 conviction for Felon in Possession of a Firearm. (Doc. # 1). Defendant has filed a Motion to Dismiss the Indictment asserting that § 922(g)(1) is unconstitutional under the Second Amendment. (Doc. # 13).

### II. Legal Standard

Federal Rule of Criminal Procedure 12 allows a defendant to bring a pretrial motion challenging a criminal indictment. Fed. R. Crim. P. 12(b)(3). A court may dismiss a criminal indictment that is legally insufficient. *See* Fed. R. Crim. P. 12(b)(3)(B); *United States v. Durrett*, 524 F. App'x 492, 494 (11th Cir. 2013) (per curiam); *United States v. Schmitz*, 634 F.3d 1247,

1260 (11th Cir. 2011); *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). An indictment is defective if it alleges a violation of an unconstitutional statute. *United States v. Brown*, 715 F. Supp. 2d 688, 689-90 (E.D. Va. 2010); *see The Civil Rights Cases*, 109 U.S. 3, 8-9 (1883).

**III.     Analysis**

Defendant moves to dismiss the Indictment, arguing that § 922(g)(1) is unconstitutional on its face because it violates the Second Amendment right to keep and bear arms.[1] (Doc. # 13). In support of this argument, Defendant relies primarily upon the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), which established a new two-step method for evaluating the constitutionality of firearm regulations. However, as discussed below, binding Eleventh Circuit precedent forecloses this argument.

In *United States v. Rozier*, the Eleventh Circuit considered the very issue presented here and rejected a Second Amendment challenge to § 922(g)(1). 598 F.3d 768 (11th Cir. 2010) (per curiam). In doing so, the *Rozier* panel cited the Supreme Court's clear admonition in *District of Columbia v. Heller* that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons…". *Id.* at 771 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). As our Circuit reasoned, "[t]his language suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment" and concluded that § 922(g)(1) is constitutional. *Rozier*, 598 F.3d at 771. Thus, the success of Defendant's argument hinges on whether this court is still bound by *Rozier* in light of the Supreme Court's recent decision in *Bruen*.

---

[1] "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). The fact that § 922(g)(1) "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid[.]" *Id.*

Under the prior panel precedent rule, an Eleventh Circuit holding is binding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). In order to overrule Eleventh Circuit precedent, a Supreme Court ruling must be "clearly on point." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003) (per curiam); *NLRB v. Datapoint Corp.*, 642 F.2d 123, 129 (5th Cir. Unit A Apr. 1981) ("Without a clearly contrary opinion of the Supreme Court or of this court sitting en banc, we cannot overrule a decision of a prior panel of this court.").[2]

Applying this standard, this court has previously held that *Rozier* remains binding precedent in this Circuit. *See United States v. Hunter*, 645 F. Supp. 3d 1247, 1254 (N.D. Ala. 2022) ("[T]he *Bruen* decision did not overrule *Rozier*, nor did it undermine that decision to the point of abrogation. Thus, because the Eleventh Circuit decided that the *Heller* dictum is persuasive, it is for the Eleventh Circuit[, not this court,] to decide whether to depart from [the *Rozier*] holding. *Rozier* is still good law, and this court must apply it. Section 922(g)(1) is constitutional."). *See also United States v. Whitfield*, 2024 WL 130155, at *1 (S.D. Ala. Jan. 11, 2024); *United States v. Oliver*, 2023 WL 7115572, at *1 (N.D. Ala. 2023); *United States v. Gilbert*, 2023 WL 4708005, at *1 (S.D. Ala. 2023).

Therefore, as *Rozier* has not been clearly overruled or undermined to the point of abrogation, this court is bound by that decision's holding that § 922(g)(1) does not violate the Second Amendment, and Defendant's Motion to Dismiss fails.

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981 constitute binding precedent in the Eleventh Circuit).

**IV.     Conclusion**

For the reasons discussed above, Defendant's Motion to Dismiss the Indictment (Doc. # 13) is **DENIED**.

**DONE** and **ORDERED** this April 10, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE